IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-10159-01-WEB |
| ) | |
| DAMON R. FOLLEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>Memorandum and Order</u>**

This matter came before the court on the defendant's objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of February 14, 2005. This written memorandum will supplement the court's oral rulings.

The defendant has filed seven objections to the Presentence Report. Several of the objections are based on the Supreme Court's ruling in *United States v. Booker*, 125 S. Ct. 738 (2005), which held that the provision of the Sentencing Reform Act generally requiring district courts to impose a sentence within the applicable guideline range must be severed from the statute, such that the guidelines are now advisory rather than mandatory. The district courts must still consider the guidelines when imposing a sentence, however, together with the other sentencing factors identified by Congress in 18 U.S.C. § 3553(a). *Id*. at 764-65. Because the guidelines are now advisory rather than mandatory, judges may make factual findings by a preponderance of the evidence in determining the applicable guideline range without running afoul of the Sixth Amendment. *See United States v. Lynch*, 2005 WL 327710 (10th Cir., Feb. 11, 2005) (noting that *Booker* rejected an argument that the provisions of the Sentencing Guidelines allowing

judicial factfinding should be excised).     To the extent any of defendant's objections are based on a right to have a jury determine the facts relevant to the calculation of the guideline, the court rejects them.  The court will determine the facts relevant to sentencing in accordance with the guidelines.  The court will apply the *Booker* decision, however, and will consider the guideline range determined by the court to be advisory only, with the sentence to be determined by the court based on all of the factors in Section 3553(a).

**Objection No. 1**:

*Re: paragraphs 19-21 of the PSR*: Defendant objects to paragraphs 19-21 of the Report, which describe the March 20, 2002 search of the residence at 1631 N. Minnesota, in which police officers found drug paraphernalia and two firearms.  The defendant denies that he voluntarily consented to the search of the house; and he denies that the weapons and ammunition found in the house belonged to him.  He says he was charged in state court with unlawful possession of the firearms based on this incident, and that his state conviction was overturned by the Kansas Court of Appeals in June of 2004.  He contends these firearms should not be considered in his sentence.

The court finds by a preponderance of the evidence -- including the evidence presented at the suppression hearing -- that the defendant constructively possessed the two firearms on March 20, 2002, or that he aided and abetted in the possession of these weapons, and that the firearms were possessed in connection with his unlawful drug distribution.  Moreover, the circumstances under which the weapons were found show that the defendant's conduct in March 2002 was part of the same course of conduct or common scheme or plan as his conduct on the counts of convictions.  Accordingly, the possession of these weapons constitutes relevant conduct for purposes of determining the offense level.  *See* USSG 1B1.3.

*Re: paragraph 26*:   Defendant also objects to ¶26, which describes part of the offense conduct

relating to Count 7. The court finds it need not resolve this objection because the disputed matters in this paragraph will not be taken into account and will not affect the sentence.

*Re: paragraph 28*: Paragraph 28 describes the stop and search of Ms. Madueno's car on August 4, 2004. The court heard evidence relating to this stop in the defendant's motion to suppress, and the defendant subsequently pled guilty to Count 7 of the Indictment, in which he admitted to unlawfully possessing the gun found in the car on August 4th. Defendant objects to the statement in ¶ 28 that there was a "Protection from Abuse" order in the car that restricted his contact with Ms. Madueno. He says he was never served with such an order. He also claims that the 29 grams of crack cocaine and 182 grams of marijuana found in the car belonged to Ms. Madueno, not to him, and that it should not be considered as relevant conduct in his offense level.

The court need not resolve any dispute concerning the Protection from Abuse Order, because that issue will not affect the sentence. As for the drugs found in the car on August 4th, the court finds by a preponderance of the evidence that the defendant was in possession of these drugs -- or that he aided and abetted Ms. Madueno in possessing them -- and that his conduct was part of the same course of conduct as his drug dealing in Count 2 of the Indictment. As such, the defendant is responsible for the possession of the drugs, and they are properly included as relevant conduct in determining the guideline range.

*Re: paragraph 29*:   Defendant objects to the allegation in ¶ 29 of the PSR that he discharged the firearm in Ms. Madueno's residence. He contends it was Ms. Madueno who discharged the gun. The court need not resolve this issue because the disputed matter will not be taken into account and will not affect the sentence.

**Objection No. 2**:   Defendant's second objection is to the 2-level increase in ¶ 36 for possession

of a dangerous weapon in connection with a drug offense.

The 2-level increase under Section 2D1.1(b)(1) is to be applied for a drug offense during which the defendant possessed a dangerous weapon. The enhancement is to be applied if a weapon was present, unless it is clearly improbable that the weapon was connected with the drug offense. USSG 2D1.1, comment (n. 3). The court finds that the enhancement is appropriate here based on the firearms found in the residence on March 20, 2002. The circumstances show more likely than not that the defendant had constructive possession of the firearms, and that they were related to his drug activity. The defendant's possession of a firearm on August 4, 2004, also supports the enhancement, and the court finds by the preponderance of the evidence that the defendant possessed that gun in connection with his possession of the drugs in Ms. Madueno's car. The court further finds that the possession of this weapon on August 4th was part of the same course of conduct as the defendant's conduct in Count 2 of the Superseding Indictment.

**Objection No. 3**: The defendant's third objection is to the addition of 2 criminal history points in ¶ 57 for committing the instant offense while on a sentence of probation.

The court finds that the 2 point increase is appropriate. USSG § 4A1.1(d). On March 12, 2002, the defendant was placed on 12 months probation for the offense listed in ¶ 54 of the PSR. He was thus on probation when he possessed the firearms found during the March 20, 2002 search, which is considered relevant conduct for purposes of the offenses of conviction.

**Objection No. 4**: Defendant's next objection is to the 1 point added to his Criminal History in ¶ 58, which is based on an allegation that he committed the instant offense less than two years of being released from imprisonment. Defendant argues that the offenses here occurred over three years after his

4

release from prison.

The court finds the Presentence Report is correct. As noted above, the defendant's conduct relevant to the instant offense began on March 20, 2002. It therefore occurred within two years of his release from imprisonment. *See USSG 4A1.1, comment, (n.5)* ("[P]oints are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) less than two years following release from confinement..." ).

**Objection No. 5**: Defendant's fifth objection (which he says is based on *Booker*) objects to the consideration of any pending charges, dismissed charges, or other arrests in determining the sentence. The court need not make any ruling on this objection, because the court will not take any of these disputed matters into account and they will not affect the sentence.

**Objection No. 6**: Defendant's sixth objection is based on his prior objections, and argues that the guideline range should be 121-151 months. For the reasons previously given, the court finds this objection should be denied.

**Objection No. 7**: Defendant's seventh objection argues for a lower sentence on the grounds that Mr. Folley served 15 months in state prison for the same conduct alleged in Count 1 before his conviction was overturned by the Kansas Court of Appeals.[1] He argues it would be unreasonable to punish him further for any of the unproven conduct alleged in Count 1 (i.e. the possession of firearms in the residence

---

[1] In *State of Kansas v. Folley*, 94 P.3d 737, 2004 WL 1714918 (Kan.App., July 30, 2004), the Kansas Court of Appeals reversed Folley's conviction for criminal possession of a firearm by a previously convicted felon because the State failed to prove an essential element of the offense -- namely, that Folley had possessed a firearm during the commission of his *prior* felony. *See* K.S.A. § 21-4204(a)(2). The reversal on this ground in no way undermines the court's finding in the instant case that Mr. Folley possessed the two firearms found in the residence on March 20, 2002.

5

on March 20, 2002). Although the court has discretion in determining the appropriate sentence in this regard, the court concludes that the factors in § 3553(a), including the advisory guideline range and the interest in maintaining uniformity in sentencing, favor the imposition of a sentence of 168 months' custody on Count 2 in this case.

### *Conclusion*.

The defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __14th__ Day of February, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge